OLLIE OWENS *v.* STATE.

[54 South. 307.]

CRIMINAL LAW. *Supreme Court. Continuance.*

    All dilatory motions in the supreme court should be made on the first call of the case. If dilatory motions are made after that time, a good cause must be shown for further delay, or the motion will be denied.

APPEAL from the circuit court of Chickasaw county. HON. JNO. H. MITCHELL, Judge.

Ollie Owens was convicted of robbery in the lower court and appeals.

Motion in supreme court for continuance.

*Geo. T. Mitchell* and *Flowers, Fletcher & Whitfield,* for motion.

*Jas. R. McDowell,* assistant attorney-general, *contra.*

Mayes, C. J., delivered the opinion of the court.

The record in the above cause was filed in this court in November, 1910, and was triable at the December call of the criminal docket. On the call in December a motion was made for a *certiorari* and overruled by the court, resulting in a continuance of the case until the January call. On January 30th, 1911, a motion is made for a further continuance of the cause. No sufficient reason is stated in the motion why the court should continue the case, and the criminal docket has been called twice since the record was filed and the case became triable in this court. Neither dilatory pleas nor dilatory motions are favored by the courts, since they go not to the substance of the cause, but tend only to obstruct the trial. When it is possible, all dilatory motions should be made at the first call of the case. If dilatory motions are made after that time, a good cause must be shown for further delay. It is the policy of the law of this state to dispose of criminal cases speedily, and all dilatory motions, whether in civil or criminal cases, should be made on the first call of the docket.

This motion is overruled, and the case stands submitted, and the clerk directed to send it to the consultation room.                                    *Motion overruled.*